IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | No. 03-88-1 |
| SANTOS MENDEZ. : | |

**MEMORANDUM RE: MOTION FOR REDUCTION IN SENTENCE**

**Baylson, J.**                                                                                                        **May 11, 2009**

**I.     Background and Procedural History**

On January 23, 2004, Defendant pled guilty to three counts in an indictment charging him with: (1) Count 1, conspiracy to distribute and to posses with intent to distribute 50 grams or more of cocaine base ("crack") and 1,000 grams or more of heroin within 1000 feet of a school, in violation of 21 U.S.C. §§ 846 and 860; (2) Count 2, using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and (3) Count 4, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On December 13, 2005, this Court sentenced Defendant to life imprisonment on Count 1, 20 months imprisonment on Count 4, to run concurrently with the sentence on Count 1, and a mandatory 25 years imprisonment on Count 2, to run consecutively with the other two sentences.

The Pre-Sentence Report ("PSR") indicates that Counts 1 and 4 were grouped together according to § 3D1.2(c) of the United States Sentencing Guidelines ("U.S.S.G."). Under § 3D1.2(a), when counts are grouped together, the offense level applicable to the group is the level for the most serious count, which in this case was Count 1. Count 2 was treated separately because it required a mandatory minimum sentence of 25 years imprisonment.

The PSR report explains that a total of 12.48 kilograms of crack and 22.93 kilograms of heroin were attributed to Defendant. Accordingly, under § 2D1.1, Defendant's base offense level for the drug charge in Count 1 was 38. 2 points were added for proximity to a protected location, a school, under § 2D1.2. The offense level was also increased by 4 points, pursuant to § 3B1.1(a), for Defendant's role in the offense, and by 2 points, pursuant to § 3B1.4, for Defendant's use of a minor to commit or asset in the alleged offense. Under § 3E1.1(a) and (b), Defendant's base offense level was reduced by three levels for acceptance of responsibility. Thus, Defendant's final offense level for Counts 1 and 4 was 43, which, combined with Defendant's criminal history category of V, indicated a recommended sentence of life imprisonment under the sentencing chart.[1]

Defendant has now filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). That statute allows for the modification of a term of imprisonment after it has been imposed if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Defendant asserts that he is entitled to be resentenced under that statute because Amendments 706 and 715 to the Guidelines recently reduced the offense levels and suggested ranges in § 2D1.1 for offenses involving cocaine base, and Defendant pled guilty to and was sentenced for such an offense in Count 1.

---

[1] Defendant was sentenced at the same time for several robbery and firearms charges in another indictment. (See 03-087-1). Because those charges resulted in a much lower base offense level (26), the sentence for those charges did not produce any additional punishment and was essentially subsumed into the sentence for the charges in the present case, 03-088. However, a firearms charge in the first case carried an additional mandatory minimum of 7 years, to run consecutively with the other sentences. Thus, in addition to life imprisonment, Defendant was sentenced to a total of 32 years to run consecutively with that sentence.

**II.     Discussion**

Section 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . , the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10 identifies the Amendments that may be retroactively applied pursuant to the authority granted in § 3582(c)(2).  The Sentencing Commission added Amendments 706 and 715 to that list, effective March 3, 2008 and May 1, 2008 respectively.  As a result, prisoners sentenced pursuant to § 2D1.1 are entitled to request a reduction in their sentences under § 3582(c)(2).

However, for Defendant to be eligible for a reduction, his sentence must be "based on" a sentencing range that was subsequently lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  In a recent decision, the Third Circuit explained that the language in § 3582(c)(2) is "clear and unambiguous: 'the term "sentencing range" clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus.'"  United States v. Mateo, — F.3d —, 2009 WL 750411, at *2 (3d Cir. 2009) (quoting United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008)).  In Mateo, the defendant was sentenced as a career offender, and the Court held that the sentence was derived from the career offender provisions of the guidelines, not the lowered § 2D1.1 base offense levels.  Id.  The Third Circuit rejected the defendant's argument that he was entitled to a reduction because the District Court "consulted" the § 2D1.1 base offense level, concluding that

"'if an amended guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence was not based on that range within the intendment of [§ 3582(c)(2)].'" Id. (quoting Caraballo, 552 F.3d at 10). A defendant is thus not entitled to a reduction in sentence merely because he was convicted of or pled guilty to a cocaine base offense; rather, the defendant is eligible for a reduction only if his sentence would have been lower had it been imposed after the recent amendments.

Defendant here initially argued that the recent amendments had the general effect of reducing by 2 levels the base offense levels for offenses involving cocaine base; thus Defendant reasoned that had he been sentenced after those amendments, his base offense level would have been 41 rather than 43. As an offense level of 41 combined with a criminal history category of V produces a recommended sentencing range of 360 months imprisonment to life imprisonment, rather than the suggested life imprisonment sentence for a level 43, Defendant asked this Court to reconsider his sentence.

However, in a subsequent brief to this Court, Defendant correctly admitted that his initial calculation had been in error, and in fact, Defendant's base offense level would not have been affected by the recent amendments due to the large quantity of crack attributed to Defendant. Prior to those amendments, a defendant convicted of possessing 1.5 kilograms or more of crack was assigned a base offense level of 38. After the amendments, a defendant convicted of possessing between 1.5 and 4.5 kilograms of crack is given a base offense level of 36 whereas a defendant convicted of possessing over 4.5 kilograms of crack has a base offense level of 38. Yet Defendant was responsible for over 12 kilograms of crack. Therefore, under both the old and newly amended versions of § 2D1.1, Defendant would possess a base offense level of 38.

"Essentially, had the lower Guidelines ranges for cocaine base offenses been in effect when Defendant was originally sentenced, those ranges would not have impacted the actual sentence imposed by this Court." <u>United States v. Rios</u>, 2009 WL 383750, at *5 (E.D. Pa. February 09, 2009). Thus, as Defendant's sentence was not "based on" a sentence that was subsequently lowered by an amendment, Defendant is not entitled to a reduction under § 3582(c)(2).

An appropriate Order follows.

O:\Lauren\Crack Resentencing\USA v. santos mendez.wpd